IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 23, 2010

## STATE OF TENNESSEE v. BRYAN K. HOWARD

**Appeal from the Criminal Court for Roane County**
**No. 13725     E. Eugene Eblen, Judge**

_____

**No. E2010-00904-CCA-R3-CD - Filed April 14, 2011**

_____

The Defendant, Bryan K. Howard, pled guilty to vehicular homicide, a Class B felony, with the length of his sentence and manner of service left to the discretion of the trial court. Following a sentencing hearing, the trial court denied all forms of alternative sentencing and sentenced the Defendant to eight years in the Tennessee Department of Correction. In this appeal as of right, the Defendant contends that the trial court erred in denying all forms of alternative sentencing. Following our de novo review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Bryan K. Howard.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Russell Johnson, District Attorney General; and William Reedy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 9, 2009, the Defendant pled guilty to vehicular homicide by intoxication. See Tenn. Code Ann. § 39-13-213(a)(2). The State submitted that had this case gone to trial, the State would have proven that on July 3, 2007, the Defendant "operated his vehicle in a reckless manner at a high rate of speed while under the influence of intoxicants, resulting in the unlawful killing of Bradley K. Lively." The record reflects that the

Defendant was traveling southbound at a rate of 71 miles per hour[1] on State Route 327 when he failed to negotiate a left-hand turn and lost control of his vehicle. As a result, the Defendant ran off the shoulder of the road. When the Defendant attempted to correct his vehicle and return to the road, his vehicle spun in a counter-clockwise position into oncoming northbound traffic, striking the victim's vehicle. The Defendant's blood alcohol concentration level was measured at .10.

On March 12, 2010, the trial court held a sentencing hearing at which the victim's family testified about the victim and the effect that his death had on their lives. The Defendant also exercised his right of allocution and expressed remorse for his actions. At the conclusion of the hearing, the trial court sentenced the Defendant to eight years and denied all forms of alternative sentencing. In so concluding, the trial court stated,

> Under the guidelines the [c]ourt has to consider the [c]ourt's going to impose a sentence of eight years. That would be as a range one, standard offender by law and that will be to serve.

## ANALYSIS

The Defendant contends that the trial court failed to properly apply the sentencing principles when denying all forms of alternative sentencing. The Defendant further contends that the trial court failed to take into consideration the fact that the State misplaced the "best evidence" in the case, namely a videotape of the crash site. The State responds that the trial court considered the necessary sentencing principles when determining the Defendant's sentence and denying alternative sentencing. The State alternatively responds that if this court chooses to review the sentence de novo, the sentence was appropriate. The State further responds that the loss of the videotape is irrelevant because the Defendant pled guilty and is only appealing the manner of service for his sentence.

We agree with the State that the loss of the videotape is not fatal to this appeal. While the loss of the videotape is marginally relevant to the circumstances of the offense, the Defendant has not shown how the loss of this videotape would have lessened his culpability. Indeed, the Defendant admitted that he was driving while impaired, that he was driving in excess of the speed limit, and that he lost control of his vehicle before striking the victim. Accordingly, we fail to see how the loss of the videotape prejudiced the Defendant in this case.

---

[1]The posted speed limit was 55 miles per hour.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2005). The appealing party has the burden of showing that the imposed sentence is improper. Id. If review of the record reflects that the trial court properly considered all relevant factors, gave due consideration to each factor, and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Should the record fail to demonstrate the required considerations by the trial court, then appellate review of the sentence is purely de novo. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review, the trial court must "place on the record, either orally or in writing, what enhancement and mitigating factors were considered, if any, as well as the reasons for the sentence." Tenn. Code Ann. § 40-35-210(e).

In conducting its de novo review with a presumption of correctness, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The Defendant was convicted of a Class B felony; therefore, he was not entitled to be "considered as a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6) (2006). While he was not a favorable candidate, he was eligible for probation because the "sentence actually imposed upon [him was] ten (10) years or less." Tenn. Code Ann. § 40-35-303(a), (b) (2006). Thus, the trial court was required to automatically consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(a). However, the Defendant must have established his suitability for probation. Tenn. Code Ann. § 40-35-303(b).

In determining any defendant's suitability for alternative sentencing, the trial court should consider whether

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). The trial court shall also consider the mitigating and enhancing factors as set forth in Tennessee Code Annotated sections 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); Boston, 938 S.W.2d 435 at 438. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

Following our review, we conclude that given the trial court's limited pronouncement as to the Defendant's sentence, the record fails to show that the trial court considered the sentencing principles and all relevant facts and circumstances of the Defendant's case. Accordingly, we will conduct a de novo review on the record, without a presumption that the determinations made by the trial court were correct. Ashby, 823 S.W.2d at 169.

The Defendant was sentenced as a Range I, standard offender; thus, the sentencing range for his conviction of a Class B felony was 8 to 12 years. Tenn. Code Ann. § 40-35-112(a)(2). The trial court sentenced the Defendant to eight years, the minimum sentence in the range. Id. Because the Defendant is not appealing the length of his sentence and was given the minimum sentence, we conclude that the trial court did not err in setting the length of the Defendant's sentence.

Relative to the trial court's denial of alternative sentencing, the presentence report reflects that the Defendant did not have any prior felony convictions. However, the Defendant was convicted of several misdemeanor offenses, several of which occurred on July 19, 2007 – less than two weeks after the Defendant killed the victim as a result of his decision to drive while intoxicated and in excess of the speed limit. Relative to the 2007 offenses, the Defendant was ultimately convicted of possession of drugs, possession of marijuana, and driving while impaired. The Defendant was also convicted of possession of marijuana in 2005 and criminal impersonation in 2006 and has abused alcohol and marijuana since age 12. Thus, we conclude that the Defendant had a "previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate

range." Tenn. Code Ann. 40-35-114(1). Because the victim was killed as a result of the Defendant's impaired driving, we also conclude that confinement was warranted to avoid depreciating the seriousness of the offense. Additionally, given the Defendant's subsequent conviction for driving while impaired, we further conclude that the Defendant's behavior displayed a lack of potential for rehabilitation when the subsequent driving offense was committed less than two weeks after the vehicular homicide. We acknowledge that the Defendant completed a rehabilitation program while on bond pending the sentencing hearing for this case; however, this attempt at rehabilitation does not outweigh the other factors favoring a sentence of confinement. Accordingly, we conclude that the record supports the trial court's decision to deny all forms of alternative sentencing when the sentence of confinement was "no greater than that deserved for the offense committed" and was "the least severe measure necessary to achieve the purposes for which the sentence [wa]s imposed." Tenn. Code Ann. § 40-35-103(2), (4).

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE